## RICE v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Fifth Circuit. March 23, 1920.)

No. 3377.

Carriers ⊙194 — Consignee, given credit for freight, bound for all lawful charges.

> A live stock commission merchant, who had an arrangement with a railroad company by which stock consigned to him was delivered and the freight charged to his account, which he settled later, cannot avoid liability for a proper charge in connection with a shipment, on the ground that he was known to be merely an agent, and that he had settled with the shipper before he knew of such charge.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action at law by the Louisville & Nashville Railroad Company against Clark H. Rice. Judgment for plaintiff, and defendant brings error. Affirmed.

T. M. Miller and Chas. F. Fletchinger, both of New Orleans, La., for plaintiff in error.

George Denegre, Victor Leovy, Henry H. Chaffe, and Harry Mc-Call, all of New Orleans, La., for defendant in error.

Before WALKER, Circuit Judge, and CALL, District Judge.

WALKER, Circuit Judge. This was an action by the defendant in error, an interstate carrier (herein called the plaintiff), against the plaintiff in error (herein called the defendant), to recover the amounts of charges alleged to be due pursuant to a tariff filed with the Interstate Commerce Commission for disinfecting cars in which live stock consigned to the defendant at New Orleans, La., were shipped from other states. After delivery of such live stock, defendant, who is a live stock commission merchant, paid all costs and charges demanded by the carrier, and was not then aware that any other charges were lawfully due, and was not called upon for payment of the disinfecting charges until after he had sold the consigned cattle and had in good faith remitted the proceeds to his principals, who were the owners of the cattle.

No question was raised as to the plaintiff's right and duty to collect the amounts claimed. The claim was resisted on the ground that the defendant's relation to the shipments were such, and known to the plaintiff to be such, that the latter is not entitled to recover the amounts from the former. The proposition relied on is that a carrier cannot recover freight charges from a consignee, on the theory of an

⊙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

implied agreement of the latter to pay them, when the carrier, at the time delivery was made, knew that the consignee was not the owner, but was only the agent of the owner, the shipper, and that in such case the carrier's only remedy for lawful charges due and uncollected is against the shipper.

It may be assumed or conceded that the defendant would not have been liable for the amounts claimed, if the cattle had been delivered to him without any agreement by him to pay the carrier what was due thereon under the shipments. That the defendant so agreed was shown by his own testimony. He testified to the following effect: He received the cattle in question without paying, or being at the time called on to pay, any freight or other charge due on the shipments. This was because he was on the plaintiff's credit or accommodation list; the arrangement being that he could get live stock consigned to him and have credit for amounts chargeable against them, the bills therefor being payable by him as soon as they were correctly rendered. This meant that he was enabled to get the cattle by agreeing thereafter to pay the plaintiff whatever properly was chargeable against them in favor of the plaintiff. Credit was extended, not to the shipper, but to the defendant, the consignee.

The defendant having got possession of the cattle by agreeing to pay what was due to the plaintiff on them, it is immaterial whether he was or was not the owner of them, or whether he would or would not have been liable for the freight and other lawful charges thereon, if deliveries had not been made on his credit. The defendant having in the way stated been given credit for what was due to the plaintiff on the cattle, the former cannot escape liability for any part of the amount so due by showing that, in the absence of such agreement on his part, he would not have been liable, and that only the shipper would have been liable. As the uncontroverted evidence showed that the defendant, in consideration of the delivery of the cattle to him, agreed to pay what was due to the plaintiff as the carrier, and that the amounts of the disinfecting charges were so due and unpaid, the court properly charged the jury to find in favor of the plaintiff.

Affirmed.